# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROMELL BROOM,** | : | Case No. 99-CV-30 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| vs. | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | |
| | : | **ORDER** |
| Respondent. | : | |

On November 7, 2010, counsel for Petitioner Romell Broom ("Broom") filed a Notice of Breakdown in Attorney-Client Communication and Motion for Appointment of New Counsel indicating that: (1) Broom was dissatisfied with counsel's performance; and (2) because Broom refused to speak to them, counsel were unable to resolve his concerns. (Doc. 147.) Broom, acting *pro se*, filed his own similarly-captioned motion on January 10, 2011, asking the Court to appoint new counsel to act on his behalf (Doc. 151). On January 21, 2011, the Court held a hearing to address issues raised in the motions, and, after careful inquiry and consideration, denied Broom's request for new counsel. (Doc. 154.) At the same time, the Court informed counsel that it would grant Broom's motion to stay these federal proceedings pending Broom's pursuit of additional post-conviction relief in Ohio state courts.

In preparing to transfer the last of its district court docket to the Court's former colleagues in the Northern District of Ohio, the Court learned that, on February 22, 2011, Broom filed a *pro se* Motion for Reconsideration (Doc. 153) asking the Court to reconsider its January 21, 2011 decision denying his request for new counsel. The government has not

responded to Broom's Motion, and the time for doing so has past. For the reasons explained below and on the record during the January 21, 2011 hearing, Broom's Motion for Reconsideration is **DENIED**.

## I. RELEVANT BACKGROUND

The background and procedural history relating to Broom's federal and state proceedings are extensive. In January 1999, Broom filed a notice of intent to file a habeas petition under 28 U.S.C. § 2254, and the Court appointed Broom's current habeas counsel under the Criminal Justice Act ("CJA"). Since 1999, habeas counsel have continuously represented Broom throughout his federal court proceedings. Those proceedings culminated in a decision from the United States Court of Appeals for the Sixth Circuit affirming this Court's earlier ruling denying Broom's request for habeas relief. *Broom v. Mitchell*, 441 F.3d 392 (6th Cir. 2006), *cert. denied*, 549 U.S. 1255 (2007), *reh'g denied*, 127 S.Ct. 2093 (Apr. 16, 2007). On Broom's behalf, counsel then pursued a successor post-conviction relief petition in Ohio state court asserting claims under *Brady v. Maryland*, 373 U.S. 83 (1963). Though the trial court dismissed that petition, the Ohio Court of Appeals reversed, and, in an order dated two months before Broom's scheduled execution, ordered the trial court to conduct a hearing on Broom's petition.

The State filed a notice of appeal on August 31, 2009. Without waiting for Broom's counsel to file a response, the Ohio Supreme Court accepted jurisdiction of the case and ordered briefing on an expedited basis. After the State and Broom filed expedited merit briefs, the Ohio Supreme Court reversed the Court of Appeals' decision on September 11, 2009. *State v. Broom*, 123 Ohio St. 3d 114 (2009). The Ohio Supreme Court also denied Broom's

motion for stay of execution on that date, allowing Broom's September 15, 2009, execution to go forward.

The execution, however, was not carried out, because the execution team could not access Broom's veins.  Broom, through his habeas counsel, immediately filed an action under 42 U.S.C. § 1983 to prevent the State from attempting to execute him again.  A year later, again through his current habeas counsel, Broom filed three additional actions in both state and federal courts relating to his "no further attempts" claims.  Broom requested and received new counsel for his Section 1983 action in November 2010.

According to Broom's habeas counsel, prior to February or March of 2010, they had a "solid and respectful attorney-client relationship" with Broom.  Around that time, however, Broom informed them that "a lawyer from a university" had contacted him and alerted him to errors his counsel had made in the state court proceedings.  Although habeas counsel believed they could explain what occurred in state court and resolve any problems by speaking with Broom, Broom refused to speak with counsel further.

Broom's dissatisfaction with counsel stems from two alleged missteps in the state court *Brady* litigation.  First, Broom asserts that habeas counsel "waived" their opportunity to respond to the State's memorandum supporting jurisdiction.  Broom also contends that counsel were too thorough in their explanation of the procedural status and legal issues in their motion for stay of execution, causing the Ohio Supreme Court to scrutinize his case and, thus, accept jurisdiction, in the related appeal.

## II.    DISCUSSION

In his Motion for Reconsideration, Broom asks the Court to appoint new counsel

3

because: (1) "he no longer wishes to assume the risk of counsels [sic] actions or inactions"; and (2) there has been a "complete breakdown of communication" such that his relationship with counsel "is beyond repair." (Doc. 153 at 3, 12-13.)[1] At the January 21, 2011 hearing, Broom's counsel explained that they do not believe the attorney-client relationship is beyond repair and they remain committed to representing him. For the reasons explained below, as well as those stated on the record during the hearing, Broom is not entitled to substitute counsel, and therefore his Motion for Reconsideration is denied.

### A. Broom's Ineffective Assistance of Counsel Claims Are Not Cognizable at this Stage of the Proceedings.

Under the Sixth Amendment, criminal defendants are entitled to the assistance of counsel at all critical stages of the proceedings against them. It is well-established that the Sixth Amendment right to counsel is the right to <u>effective</u> assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

Although a defendant is guaranteed counsel at trial and on direct appeal, there is no constitutional right to counsel in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . the right to appointed counsel extends to the first appeal of right, and no

---

[1] Review of Broom's Motion for Reconsideration reveals that he has received assistance in his efforts to obtain new counsel. The style and tone of the Motion is substantially different from Broom's previously-filed *pro se* Notice of Breakdown in Attorney-Client Communication (Doc. 151), and the instant motion is written in the third person.

further"); *see also Hunter v. Delo*, 62 F.3d 271, 274 (8th Cir. 1996) ("Hunter has no Sixth Amendment right to counsel in this federal habeas corpus proceeding."). By statute, however, an indigent habeas petitioner in a capital case is entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for adequate representation. 18 U.S.C. § 3599(a)(2). Section 3599(e) provides that appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures." Because there is no constitutional right to counsel in post-conviction proceedings, however, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *See Coleman,* 501 U.S. at 752 (citing *Wainwright v. Torna*, 455 U.S. 586 (1982)).

In his Motion for Reconsideration, Broom points to what he believes were errors in his attorneys' representation. To the extent Broom argues that his attorneys were ineffective during his successive state post-conviction proceedings, these arguments fail because there is no federal constitutional right to effective assistance of counsel at that stage.² As discussed

---

²     The Supreme Court recently granted certiorari in *Martinez v. Schriro*, 623 F.3d 731 (9th Cir. 2010), *cert. granted*, *Martinez v. Ryan*, 131 S.Ct. 2960 (June 6, 2011), to address the following question:

> Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim.

Resolution of this narrow question will not affect Broom's case, particularly given the advanced stage of his post-conviction proceedings. While the question presented in *Martinez*

below, moreover, Broom's complaints about his attorneys' performance are meritless.

### B. Broom is Not Entitled to Substitute Counsel.

It is well-established that "[a]n indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990); *see also Barber v. Birkett*, 276 F. Supp. 2d 700, 710 (E.D. Mich. 2003) (applying rule in federal habeas (18 U.S.C. § 2254) case). As previously noted, § 3599(a)(2) provides a statutory right to counsel for a habeas petitioner in a capital case. While § 3599(e) indicates that appointed counsel can be "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant," it does not provide a specific mechanism or standard for doing so. *See* 18 U.S.C. § 3599(e); *see also Clair v. Ayers*, 403 Fed. Appx. 276, 277 (9th Cir. 2010) ("Section 3599 provides that counsel may be changed upon a defendant's motion, but does not provide a standard under which such a motion should be adjudicated.").

Although the Sixth Circuit has not specifically addressed the issue, both the Eighth and Tenth Circuits have held that § 3599(a)(2)[3] implicates the same substitution of counsel standards that apply to cases involving a criminal defendant's Sixth Amendment right to counsel. *See Hunter*, 62 F.3d at 274; *see also Johnson v. Gibson*, 169 F.3d 1239, 1254 (10th Cir. 1999). In *Hunter*, for example, the court noted that substitution of counsel is warranted

---

is limited to whether a defendant has a right to effective assistance of counsel in a post-conviction appeal raising ineffective assistance of counsel at the trial level, here, Broom's ineffective assistance claims stem from counsel's efforts during a successive state post-conviction proceeding.

[3] Section 3599(a)(2) was previously codified at 21 U.S.C. § 848(q)(4)(B).

where the defendant can show "justifiable dissatisfaction with appointed counsel [such as] a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant."  62 F.3d at 274.

In the Sixth Amendment context, a district court has broad discretion when evaluating the facts and circumstances surrounding a defendant's request for substitute counsel.  *United States v. Sullivan*, 431 F.3d 976, 979 (6th Cir. 2005) ("The decision as to whether to appoint new counsel at the defendant's request is committed to the sound discretion of the district court.").  When reviewing a district court's decision on a motion to substitute counsel, the Sixth Circuit considers the following factors:

> (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into the matter, (3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and (4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.

*United States v. Mack,* 258 F.3d 548, 556 (6th Cir. 2001); *see also Iles*, 906 F.2d at 1131 n.8.

Here, the Court conducted a hearing regarding Broom's request for substitute counsel, which both Broom and his counsel attended.  At the hearing, the Court made a detailed inquiry into the matter and engaged in a discussion with Broom regarding his dissatisfaction with counsel.  The Court explained to Broom that: (1) his complaints about his counsels' performance were without merit[4]; (2) he has received excellent representation from highly-

---

[4]    Specifically, the Court explained that: (1) the Ohio Supreme Court's decision "to take this within a 48-hour time frame . . . does not render counsel's service to you inadequate in any way"; and (2) "the fact that counsel's brief that was filed in connection with the stay of execution was detailed and provided a lot of information, that's – that was counsel's obligation on your behalf.  They had to follow the Supreme Court rules . . . there's nothing that they did wrong."

qualified counsel; and (3) he did not demonstrate good cause to warrant substitution of counsel. In his Motion for Reconsideration, Broom reiterates that there has been a complete breakdown in communication and that he is no longer willing to work with his current counsel. For the reasons that follow, the Court reaffirms its conclusion that Broom is not entitled to substitute counsel.

First, it would not be in Broom's best interest to have new counsel. The Court is familiar with Broom's habeas counsel. They have proven to be skilled and ardent litigants in Broom's many federal and state court proceedings, and they are intimately acquainted with the facts, procedural history, and legal issues of Broom's numerous actions. Notably, Broom does not allege a conflict of interest. And, as was explained to Broom on the record during the hearing, he is incorrect regarding counsel's alleged errors. Even if the alleged errors had occurred, however, they would not have affected the outcome of Broom's state court *Brady* proceedings. Accordingly, the Court will not substitute counsel based on Broom's misconceptions about his counsels' performance.

While there has been a breakdown in communication between Broom and his counsel, it has occurred solely because he refuses to listen to counsels' explanations of what occurred in the state court proceedings and refuses to speak to them. Broom is not entitled to new counsel merely because he chooses not to speak with his current attorneys. Indeed, the Sixth Circuit has specifically stated that "a lack of communication resulting from a defendant's refusal to cooperate with his attorney does not constitute good cause for substituting counsel." *United States v. Marrero*, 651 F.3d 453, 466 (6th Cir. 2011) (citation omitted). Simply put, Broom's refusal to communicate does not create an irreconcilable conflict and does not justify

appointment of new counsel.

The Court further finds that substitution of counsel would not "serve the public's interest in the prompt and efficient administration of justice." Broom's habeas counsel have represented him for more than a decade, and they have informed the Court that they are willing and prepared to continue representing him in this matter. Given the advanced stage of Broom's habeas case, as well as the number and complexity of Broom's other pending actions, the time and expense necessary for new counsel to get up to speed with Broom's legal matters would be considerable and unwarranted. The Court finds that the requested substitution, at this stage in the proceedings and without any indication that counsel have done anything other than act with Broom's best interests in mind, would compromise the integrity of the CJA appointment process, particularly given the amount of time and expense invested in his defense.

### III. CONCLUSION

The Court has considered Broom's additional arguments raised in his Motion for Reconsideration and finds that they are without merit. For the foregoing reasons, and for the reasons explained on the record during the January 21, 2011 hearing, the Court finds that Broom failed to demonstrate that he is entitled to new counsel. Accordingly, his Motion for Reconsideration (Doc. 153) is **DENIED**. The stay of this matter continues in effect.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
KATHLEEN McDONALD O'MALLEY*

**October 28, 2011**

* *United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.*

9