UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROMELL BROOM,** | : | CASE NO. 99 CV 0030 |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE CHRISTOPHER BOYKO** |
| vs. | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | |
| | : | <u>**MEMORANDUM AND ORDER**</u> |
| Respondent. | : | |

Before the Court is Petitioner Romell Broom's ("Broom") *pro se* "Notice to the Court for Reconsideration for the Appointment of New Counsel, or to Appoint Counsel to Adudicat [sic] an Appeal to the United States Supreme Court in this Matter." (ECF No. 162.) Respondent Warden Betty Mitchell did not oppose the motion. For the following reasons, the Court denies Broom's motion.

**I.    Relevant Background**

In October 1985, an Ohio state jury convicted Broom of Aggravated Murder (with two Capital Specifications), Rape, Kidnaping, and two counts of Attempted Kidnaping. The trial court followed the jury's recommendation and sentenced Broom to death. Broom's convictions and sentence were affirmed on direct appeal. *State v. Broom*, No.

51237, 1987 WL 14401 (Ohio Ct. App. July 23, 1997), *aff'd*, 533 N.E.2d 682 (Ohio 1988). Broom unsuccessfully sought post-conviction remedies. *State v. Broom*, No. 72581, 1998 WL 230425 (Ohio Ct. App. May 7, 1998).

In June 1999, Broom, represented by current counsel, S. Adele Shank and Timothy F. Sweeney, filed a Petition for a Writ of Habeas Corpus in District Court pursuant to 28 U.S.C. § 2254. The district court had appointed counsel in January 1999. In August 2002, after conducting an evidentiary hearing, the District Court denied Broom's petition, and the Sixth Circuit affirmed. *Broom v. Mitchell*, 441 F.3d 392 (6th Cir. 2006).

In 2007, Broom filed a second petition for post-conviction relief in the state trial court pursuant to Ohio Rev. Code § 2953.23, asserting a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The trial court concluded that it lacked jurisdiction and denied the successive petition. On appeal, the Ohio Supreme Court eventually affirmed the trial court's decision. *See State v. Broom*, No. 91297, 2009 WL 2263824 (Ohio Ct. App. July 30, 2009), *rev'd*, 914 N.E.2d 392, 396-97 (Ohio 2009). On September 10, 2009, Broom filed in this Court both a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and a Motion to Stay his Execution scheduled for September 15, 2009. The Court denied both motions, and the Sixth Circuit affirmed. *Broom v. Mitchell*, No. 09-4125, slip op. at 1 (6th Cir. Sept. 14, 2009). On September 15, 2009, the State of Ohio unsuccessfully attempted to execute Broom.

On September 14, 2010, represented by current counsel, Broom filed a Second Petition for a Writ of Habeas Corpus pursuant 28 U.S.C. § 2254, asserting that his failed execution was unconstitutional. (ECF No. 1.) Broom successfully moved the District

Court to hold the habeas proceedings in abeyance until he had exhausted his various claims in state court. Broom filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court that was summarily dismissed. *See In re Broom*, 937 N.E.2d 1039 (Ohio 2010) (Table). Broom also filed a Third Petition for Post-conviction Relief in the state trial court pursuant to Ohio Rev. Code § 2953.21, asserting claims substantially similar to those raised in his second federal habeas corpus petition. Broom also filed a declaratory action seeking to prohibit further attempts to execute him, arguing that such efforts would violate his state and federal constitutional rights. The Ohio Court of Appeals affirmed the trial court's denial of both the declaratory action and the post-conviction petition. *See State v. Broom*, No. 96747, 2012 WL 504504 (Ohio Ct. App. Feb. 16, 2012).

On November 7, 2010, counsel filed on Broom's behalf a Motion Seeking to Substitute Counsel. (ECF No. 147.) Broom insisted that a conflict of interest existed, as he believed that counsel waived his right to respond to the State's efforts to seek discretionary review by the Ohio Supreme Court during the second post-conviction proceedings. Broom also believed that counsel pursued the Motion for a Stay of Execution during those same proceedings too vigorously, which resulted in the Ohio Supreme Court's accepting jurisdiction of the State's appeal. On January 21, 2011, the District Court conducted an evidentiary hearing and denied the motion. On February 22, 2011, Broom, acting *pro se,* renewed his Motion to Substitute Counsel and for Reconsideration of the Court's Ruling, adding as grounds for substitution a claim that counsel failed properly to exhaust a *Brady* claim. (ECF No. 153.) On February 23, 2011, the District Court filed the minutes of the evidentiary hearing, indicating both that it denied the motion for reasons stated on the

3

record and that a written order was forthcoming. (ECF No. 154.) On October 28, 2011, the District Court denied Broom's Motion for Substitute Counsel and Motion for Reconsideration in a written order. (ECF No. 155.) The Sixth Circuit affirmed on June 26, 2012. (ECF No. 160.) Broom filed a Petition for Rehearing, which the court denied on September 21, 2012.

On October 4, 2012, Broom filed another *pro se* motion, now before the Court, entitled "Notice to the Court for Reconsideration for the Appointment of New Counsel, or to Appoint Counsel to Adudicat [*sic*] an Appeal to the United States Supreme Court in this Matter." (ECF No. 162.) He asks the Court to reconsider its judgment denying his request for new counsel, or, in the alternative, to appoint counsel to appeal that judgment to the United States Supreme Court.

**II.   Analysis**

    **A.   Motion for Reconsideration**

Broom asks the Court to reconsider its judgment denying his request for new counsel. His request is based on "a Breakdown [*sic*] in attorney-client communication, conflict of interest and distrust of counsel actions and inactions in prior proceeding . . . ." (ECF No. 162, 1.) Broom essentially repeats the charges he made in his February 2011 motion that was denied by this Court, stressing his attorneys' failure to exhaust his *Brady* claim and the "total lack of communication" between him and his counsel. (*Id*. at 2-3.)

A "motion for reconsideration" can fall under either Federal Rule of Civil Procedure 59(e), governing motions to alter or amend judgments, or 60(b), governing motions for

4

relief from judgments.[1] Since Broom filed this motion nearly one year after the judgment of which he complains, and far outside the time period of 28 days permitted by Rule 59(e), the Court must treat this motion as a Motion under Rule 60(b) for Relief from Judgment. *See, e.g.,Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998) (motion to alter or amend a court's judgment filed outside the time period allowed by Rule 59(e) will be considered motion for relief from judgment pursuant to Rule 60(b)).

The standard for granting a Rule 60(b) motion, however, is "significantly higher" than the standard applicable to a Rule 59(e) motion, since it may be granted only for certain specified reasons. *Id.* A motion under Rule 60(b) allows a court, "[o]n motion and just terms," to relieve a party from a prior order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is circumscribed by the interests in finality

---

[1] The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ." Habeas Corpus Rule 12.

and the termination of litigation." *Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (citing *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d 465, 468 (6th Cir. 2007)).

Subsection (b)(6) is properly evoked only in "exceptional or extraordinary circumstances" not specifically addressed by the first five numbered clauses of the Rule. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Courts, therefore, must employ Rule 60(b)(6) "only in 'unusual and extreme situations where principles of equity *mandate* relief.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis original)). If legal error is relied upon, the motion should be premised upon the category of mistake under subsection (b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper*, 867 F.2d at 294. Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. *Id*.

Broom does not assert any of the specified circumstances for relief from judgment in his Motion, such as newly discovered evidence or fraud. The Court assumes, therefore, that his request is based upon legal error, therefore falling under subsection (b)(1) or the catch-all provision (b)(6). The Motion must be denied. Broom advances the same arguments in this Motion that he made in his previous Motion to Reconsider, which this Court denied, and which the Sixth Circuit affirmed. The Motion also is untimely, since it was filed nearly a year ago and well beyond the normal time for taking an appeal. And, finally, Broom does not set forth any exceptional or extraordinary circumstances that would

entitle him to relief.

### B. Motion to Appoint Counsel for Appeal

In the alternative, Broom asks the Court to appoint counsel to "assist in preparation of certiorari petition to the United States Supreme Court." Broom seeks to appeal the decision of the Sixth Circuit denying his request for new counsel. (ECF No. 162, 3.)

An indigent federal habeas corpus petitioner is entitled to the appointment of "one or more attorneys" and additional services that are "reasonably necessary" for adequate representation pursuant to 18 U.S.C. § 3599(a)(2). Subsection (e) of Section 3599 provides that "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . applications for writ of certiorari to the Supreme Court of the United States . . . ." 18 U.S.C. § 3599(e). The Supreme Court interpreted Section 3599 in *Harbison v. Bell*, 556 U.S. 180 (2009), holding that the statute "authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Id*. at 194. As the Supreme Court explained, "[u]nder a straightforward reading of the statute, subsection (a)(2) triggers the appointment of counsel for habeas petitioners, and subsection (e) governs the scope of appointed counsel's duties." *Id.* at 185.

Broom qualifies as an indigent habeas petitioner under Section 3599(a)(2), and preparing a petition for writ of certiorari is included in the scope of appointed counsel's duties under Section 3599(e). Broom does not cite, however, and this Court cannot find, any authority for the proposition that Section 3599 authorizes funding for an *additional* attorney to prepare a petition for writ of certiorari appealing the denial of a motion to

substitute counsel. Indeed, this Court does not find any support for Broom's request either in the language of Section 3599 or in its stated purpose of funding services that are "reasonably necessary" for adequate representation.

First, Section 3599(e) clearly contemplates that federally appointed habeas counsel will provide continuous representation, from the filing of the petition through clemency proceedings. It states that appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings," then lists each step of the habeas process in chronological order. The appointment of additional counsel is mentioned only in the context of appointed counsel being replaced by new counsel. And there is no other language in the statute that can be construed to permit the appointment of new counsel for an isolated, particular task.

Moreover, the Court finds that appointment of additional counsel for this purpose is not "reasonably necessary," as required by subsection (a)(2). Broom's proposed Petition for Writ of Certiorari has little chance of success. He does not have reasonable grounds for seeking the writ, such as a division among the federal circuits on an important issue of law, a new issue of federal law on which the Supreme Court has not ruled, or an implausible interpretation of the Constitution or a federal statute. *See* Supreme Court Rule 10. Further, Broom has counsel that this Court has deemed highly competent who are authorized under the statute to prepare such a petition and can assist Broom in that task.

Broom's request for additional counsel to assist him in preparing an application for writ of certiorari to the Supreme Court, therefore, also is denied.

**III. Conclusion**

Accordingly, Petitioner Broom's "Notice to the Court for Reconsideration for the Appointment of New Counsel, or to Appoint Counsel to Adudicat [sic] an Appeal to the United States Supreme Court in this Matter" (ECF No. 162) is denied.

IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        UNITED STATES DISTRICT JUDGE

DATED: November 14, 2012