**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROMELL BROOM,** | : | **CASE NO. 99 CV 0030** |
| | : | |
| Petitioner, | : | |
| | : | **JUDGE CHRISTOPHER BOYKO** |
| vs. | : | |
| | : | |
| **BETTY MITCHELL, Warden,** | : | |
| | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

Before the Court is Petitioner Romell Broom's ("Broom") *pro se* "Motion for Relief from Judgment Pursuant to Civ. R. 60 (B)(2)(3)." (ECF No. 164.) Broom asks the Court to reconsider its judgment of November 14, 2012, denying his request for reconsideration of its October 28, 2011 ruling denying him new counsel. (ECF No. 155.) Respondent Warden Betty Mitchell did not oppose the motion. For the following reasons, the Court denies Broom's motion.

**I.     Relevant Background**

In October 1985, an Ohio state jury convicted Broom of Aggravated Murder (with two Capital Specifications), Rape, Kidnaping, and two counts of Attempted Kidnaping. The trial court followed the jury's recommendation and sentenced Broom to death. Broom's convictions and sentence were affirmed on direct appeal. *State v. Broom*, No.

51237, 1987 WL 14401 (Ohio Ct. App. July 23, 1997), *aff'd*, 533 N.E.2d 682 (Ohio 1988). Broom unsuccessfully sought post-conviction remedies. *State v. Broom*, No. 72581, 1998 WL 230425 (Ohio Ct. App. May 7, 1998).

In June 1999, Broom, represented by current counsel, S. Adele Shank and Timothy F. Sweeney, filed a Petition for a Writ of Habeas Corpus in federal district court pursuant to 28 U.S.C. § 2254. The District Court had appointed counsel in January 1999. In August 2002, after conducting an evidentiary hearing, the District Court denied Broom's Petition, and the Sixth Circuit affirmed. *Broom v. Mitchell*, 441 F.3d 392 (6th Cir. 2006).

In 2007, Broom filed a Second Petition for Post-Conviction Relief in the state trial court pursuant to Ohio Rev. Code § 2953.23, asserting a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The trial court concluded that it lacked jurisdiction and denied the successive petition. On appeal, the Ohio Supreme Court eventually affirmed the trial court's decision. *See State v. Broom*, No. 91297, 2009 WL 2263824 (Ohio Ct. App.), *rev'd*, 914 N.E.2d 392, 396-97 (Ohio 2009). On September 10, 2009, Broom filed in this Court both a Motion for Relief from Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and a Motion to Stay his Execution scheduled for September 15, 2009. The Court denied both motions, and the Sixth Circuit affirmed. *Broom v. Mitchell*, No. 09-4125, slip op. at 1 (6th Cir. Sept. 14, 2009). On September 15, 2009, the State of Ohio unsuccessfully attempted to execute Broom.

On September 14, 2010, represented by current counsel, Broom filed a Second Habeas Corpus Petition, asserting that his failed execution was unconstitutional. (Case No. 1:10CV2058, ECF No. 1.) Broom successfully moved the District Court to hold the habeas

proceedings in abeyance until he had exhausted his various claims in state court. Broom filed a Petition for a Writ of Habeas Corpus in the Ohio Supreme Court that was summarily dismissed. *See In re Broom*, 937 N.E.2d 1039 (Ohio 2010) (Table). Broom also filed a Third Petition for Post-Conviction Relief in the state trial court pursuant to Ohio Rev. Code § 2953.21, asserting claims substantially similar to those raised in his second federal habeas corpus petition. Broom also filed a declaratory judgment action seeking to prohibit further attempts to execute him, arguing that such efforts would violate his state and federal constitutional rights. The Ohio Court of Appeals affirmed the trial court's denial of both the declaratory action and the post-conviction petition. *See State v. Broom*, No. 96747, 2012 WL 504504 (Ohio Ct. App. Feb. 16, 2012).

On November 7, 2010, counsel filed, on Broom's behalf, a Motion Seeking to Substitute Counsel. (ECF No. 147.) Broom insisted that a conflict of interest existed, as he believed that counsel waived his right to respond to the State's efforts to seek discretionary review by the Ohio Supreme Court during the second post-conviction proceedings. Broom also believed that counsel pursued the Motion for a Stay of Execution during those same proceedings too vigorously, which resulted in the Ohio Supreme Court's accepting jurisdiction of the State's appeal.

On January 21, 2011, the District Court conducted an evidentiary hearing and denied the motion. On February 22, 2011, Broom, acting *pro se,* renewed his Motion to Substitute Counsel and for Reconsideration of the Court's Ruling, adding as grounds for substitution a claim that counsel failed to exhaust a *Brady* claim. (ECF No. 153.) On February 23, 2011, the District Court filed the minutes of the evidentiary hearing,

indicating both that it denied the motion for reasons stated on the record and that a written order was forthcoming. (ECF No. 154.) On October 28, 2011, the District Court denied Broom's Motion for Substitute Counsel and Motion for Reconsideration in a written order. (ECF No. 155.) The Sixth Circuit affirmed on June 26, 2012. (ECF No. 160.) Broom filed a Petition for Rehearing with the Sixth Circuit, which was denied on September 21, 2012.

On October 4, 2012, Broom filed another *pro se* motion for reconsideration, entitled "Notice to the Court for Reconsideration for the Appointment of New Counsel, or to Appoint Counsel to Adudicat [sic] an Appeal to the United States Supreme Court in this Matter." (ECF No. 162.) The Court denied that motion on November 14, 2012. (ECF No. 163.) On January 2, 2013, Broom filed a Motion seeking reconsideration of that ruling. (ECF No. 164.) Respondent did not oppose that motion.

**II.     Analysis**

Broom asks the Court, *for the third time*, to reconsider its judgment denying him new counsel, a ruling that was issued two and a half years ago and affirmed by the Sixth Circuit. Broom essentially repeats his charge that his attorneys failed to exhaust his *Brady* claim; although he adds a related claim that his counsel "fraudulently" misrepresented the facts and procedural posture of his *Brady* claim during an evidentiary hearing conducted in 2002, resulting in this Court and the Sixth Circuit finding that claim procedurally defaulted. (ECF No. 164, 10, 15.)

Broom now seeks reconsideration pursuant to Rule 60(b)(2) and (3) of the Federal Rules of Civil Procedure, which allows a court, "[o]n motion and just terms," to relieve a

4

party from a prior order for: "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3).[1]

Relief under Rule 60(b) "is circumscribed by the interests in finality and the termination of litigation." *Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (citing *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d 465, 468 (6th Cir. 2007)). Thus, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995). Although "there are circumstances when a motion to reconsider may perform a valuable function, . . . it [is] improper to use such a motion to ask the Court to rethink what the Court ha[s] already thought through–rightly or wrongly." *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (internal quotation marks omitted). Indeed, this Court has cautioned parties in capital habeas cases that they may be sanctioned for filing frivolous motions for reconsideration. *See, e.g., Stallings v. Bagley*, 561 F. Supp. 2d 821, 888 (N.D. Ohio 2008) (O'Malley, J.); *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003) (Gwin, J.); *Baston v. Bagley*, 282 F. Supp. 2d 655, 673 (N.D. Ohio 2003) (Carr, J.).

Broom's motion must be denied. Broom advances substantially the same arguments in this motion that he made in his two previous motions to

---

[1] The federal civil rules apply in habeas cases "to the extent that they are not inconsistent with any statutory provisions or [the habeas rules] . . . ." Habeas Corpus Rule 12.

reconsider–arguments that both this Court and the Sixth Circuit have rejected. Moreover, Broom's use of two different provisions of Rule 60(b) does not help him. Broom discovered the "new evidence" to which he refers during his initial habeas proceedings more than a decade ago and several years before the ruling at issue. The evidence is not new in relation to the Court's October 2011 ruling; and Rule 60(b)(2) does not apply. Rule 60(b)(3) does not apply either. Broom's allegation of his counsel's fraud on the court, which, by the way, the Court finds unsupported and unconvincing, relates only to the 2002 evidentiary hearing, not the Court's October 2011 decision denying his request for new counsel. Broom, therefore, has not presented the type of circumstances that support the "extraordinary" remedy provided by Rule 60(b).

### III. Conclusion

Accordingly, Petitioner Broom's "Motion for Relief from Judgment Pursuant to Civ. R. 60 (B)(2)(3)" (ECF No. 164) is hereby denied.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER BOYKO**
**UNITED STATES DISTRICT JUDGE**

**DATED: June 6, 2013**